IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| VIVIAN OSWALD, | ) |
|     Plaintiffs, | ) ) ) |
| v. | )   Case No. _____ ) |
| JEFFREY FANNON, | )   JURY DEMAND ) |
|     Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, Vivian Oswald, by and through counsel, and would respectfully submit to the Court the following Complaint:

### PARTIES

1. Plaintiff, Vivian Oswald, is an adult citizen and resident of Pinellas County, Florida. Same was true at the time of the wreck.

2. Defendant Jeffrey Fannon, upon information and belief, is an adult believed to be a citizen and resident of Knox County, Tennessee. Defendant Jeffrey Fannon was the operator of the vehicle that caused the injury of Plaintiff. Defendant Jeffrey Fannon submits himself to the jurisdiction and venue of this Court by virtue of operating a vehicle in the county and state complained of herein where the wreck occurred.

### JURISDICTION AND VENUE

3. The Plaintiff's claims for relief arise from a vehicular injury which occurred in Blount County, Tennessee.

4. Jurisdiction of this matter is based on diversity of citizenship. The Plaintiff files this action in the United States District Court for the Eastern District of Tennessee on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) inasmuch as the matter in controversy

exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs; the Plaintiff in this action is a citizen of Florida; Defendant Fannon is a citizen of Tennessee; and this injury in this matter was caused in Alcoa, Blount County, Tennessee.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). Venue is proper pursuant to 28 U.S. § 1391(a). Specifically, the injury, which is the event giving rise to the claim that is the subject matter of this lawsuit, occurred in Alcoa, Blount County, Tennessee. All events which form the basis of this Complaint for Damages are based in tort and occurred in Alcoa, Blount County, Tennessee.

6. Jurisdiction and venue are proper in this Court.

## FACTS

7. On April 24, 2022, Jeffrey Fannon was driving a 2019 Volkswagen Atlas or some other similar vehicle in Alcoa, Blount County, Tennessee and was picking up Plaintiff and some co-workers at the McGhee-Tyson Airport in Alcoa, Tennessee, pursuant to a ride request via the Uber Application.

8. At all times relevant to the complaint, Defendant Fannon was operating his vehicle with the Uber Platform active and while acting within the course and scope of his agency and/or employment with Uber.

9. Defendant's vehicle is an SUV or SUV Crossover that has a rear liftgate hatch that provided access to the vehicle's cargo storage area.

10. Defendant activated the liftgate to open so that Plaintiff and her co-workers could put luggage in the cargo area.

11. As Plaintiff was putting her bags into the cargo area of Defendant Fannon's vehicle, he negligently activated the liftgate to close.

12. The liftgate fell onto Plaintiff without warning, striking her upper back/neck/head area and causing severe injury.

2

13. The impact caused severe physical injuries to Plaintiff which required medical treatment.

14. Upon information and belief, Defendant Fannon owned/leased, and/or maintained the vehicle he was driving at the time.

## NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT JEFFREY FANNON

15. Defendant Fannon was negligent in that he failed to recognize that the Plaintiff was underneath the liftgate before attempting to shut it, failed to exercise due care when shutting the liftgate in order to avoid injury to Plaintiff, failed to warn the Plaintiff that he was shutting the liftgate, and attempted to close the liftgate using force that was excessive under the circumstances.

16. Defendant Fannon had a duty to exercise reasonable control of his vehicle and reasonable care while Plaintiff was putting luggage into his vehicle so as to avoid injury to his customer.

17. Defendant Fannon had a duty to operate the vehicle he was driving with reasonable safety under the circumstances and to keep a proper lookout before activating his liftgate.

18. Defendant Fannon operated his vehicle without due caution and in a manner such as to endanger others.

19. Defendant Fannon's negligent acts, omissions, and breaches of duty, as stated above, caused Defendant to negligently, forcefully, and without warning, lower his liftgate on top of Plaintiff, causing her severe injury.

## INJURIES AND DAMAGES

20. Immediately prior to her injuries, Plaintiff was in good health and able-bodied. As a result of the collision, Plaintiff received injuries that necessitated medical treatment. Absent the incident, she would not have the injuries that she incurred. Plaintiff has been subjected to great pain and suffering from the time of the incident until the present and incurred medical charges for

treatment of same. The incident and resulting damages were directly and proximately caused by the negligence of the Defendants and the Defendants should be held accountable.

21. Plaintiff's bodily injuries required treatment for which she has incurred medical bills as the incident and resulting damages were directly and proximately caused by the negligence of the Defendant, and the Defendant should be held accountable for Plaintiff's injuries and for the bills Plaintiff has incurred and will incur for treatment.

22. Defendant Fannon's acts and/or omissions were negligent and directly and proximately caused the injuries and suffering of Plaintiff. Further, said acts and omissions are the legal cause of Plaintiff's injuries, as set forth herein, all of which would not have occurred but for the acts or omissions of the Defendant.

23. As the sole, direct, and proximate cause of the negligence of the Defendant, Plaintiff suffered the following injuries and damages:

    a. Physical pain and suffering associated with injuries she received in the incident of a past, present, and future nature;

    b. Loss of income and earning capacity;

    c. Loss of enjoyment of life;

    d. Permanent injury, impairment, or disability;

    e. Cost of medical treatment and pharmaceutical costs of a past, present, and future nature; and

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For process to issue and be served upon Defendant, requiring Defendant to answer the allegations hereof;

2. Demand judgment against Defendant for compensatory damages in an amount not to exceed $1,000,000.00;

3. For pre-judgment and post judgment interest;

4. That the costs of this action be taxed to the Defendant;

5. For any general relief to which Plaintiff may be entitled under the law and evidence; and,

6. That a jury be empaneled to try this case.

Respectfully submitted,

_____
Matthew C. Hardin, BPR #21505
W. Michael Kilgore, BPR #30429
MATT HARDIN LAW, PLLC
207 23rd Avenue North
Nashville, TN 37203
(615) 200-1111 (Telephone)
(615) 200-1112 (Facsimile)
michael@matthardinlaw.com

*Attorneys for Plaintiff*